# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| VENONA RICHION, | 2:16-cv-02243-GMN-VCF |
| Plaintiff, | **REPORT & RECOMMENDATION** |
| vs. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

This matter involves Plaintiff Venona Richion's appeal from the Commissioner's final decision denying Richion's social security benefits. Before the Court is Richion's Motion for Reversal and/or Remand. (ECF No. 14). For the reasons stated below, the Court recommends denying Richion's motion.

## STANDARD OF REVIEW

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). Where, as here, the Commissioner of Social Security renders a final decision denying a claimant's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g); *see also* 28 U.S.C. § 636(b) (permitting the District Court to refer matters to a U.S. Magistrate Judge).

The District Court's review is limited. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("[I]t is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency." (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir.

2014))). The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). This means such relevant "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938); *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 523 (9th Cir. 2014).

If the evidence supports more than one interpretation, the Court must uphold the Commissioner's interpretation. (*See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). This means that the Commissioner's decision will be upheld if it has any support in the record. *See, e.g.*, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case *de novo*, or overturn the Commissioner's decision if the evidence preponderates against it).

## DISCUSSION

In this case, the Administrative Law Judge ("ALJ") followed the five-step sequential evaluation process in 20 C.F.R. § 404.1520. The ALJ concluded Richion did not engage in substantial gainful activity during the relevant timeframe. (ECF No. 13-1 at 31). The ALJ found Richion suffered from a medically determinable severe impairment consisting of depression/bi-polar/anxiety disorder, but the impairment did not meet or equal any listed impairment under 20 C.F.R.. Part 404, Subpart P, Appendix 1. (*Id.* at 31-33). The ALJ concluded Richion retained the residual functional capacity to perform a full range of work at all exertional levels with limits on Richion's ability to understand, remember, and carry out instructions; make judgments; and interact with the public and co-workers. (*Id.* at 34). A vocational expert testified that an individual with these limitations could perform the work of a laundry worker, janitor, or

groundskeeper. (*Id.* at 39). The ALJ found that Richion was not under a disability as defined in the Social Security Act. (*Id.* at 40).

Richion challenges the ALJ's assessment on two grounds. Richion argues the ALJ failed to adequately consider the opinion of Dr. Cabaluna, who reported that Richion can only lift up to 30 pounds occasionally. (ECF No. 14 at 6-7).[1] Richion also asserts the ALJ improperly rejected Dr. Devera's opinion that Richion's ability to interact with supervisors may be limited without any explanation. (*Id.* at 10-12). The Commissioner argues the ALJ properly interpreted all relevant medical evidence in reaching his decision. (ECF No. 18 at 3-5).

**I.     Dr. Cabaluna's Opinion**

"Richion alleged disability due to mental illness, short term memory loss, headaches, issues related to diabetes and foot pain." (ECF No. 14 at 3). Dr. Cabaluna met with Richion on July 13, 2013 to examine her physical status. (ECF No. 13-1 at 407-416). Dr. Cabaluna noted Richion "pulled her right shoulder [six months ago] and has pain…. She has not consulted any doctor for it." (*Id.* at 407). Dr. Cabaluna opined that Richion could lift 25 pounds frequently and 30 pounds occasionally, which falls slightly below a "medium" vocational exertion level. (*Id.* at 415). At the hearing before the ALJ, Richion's attorney asked her what was wrong with her shoulder, and Richion stated, "I fell with that one with my hip and my shoulder, I think it's probably arthritis. They didn't find anything in the x-ray." (*Id.* at 56). Richion did not say anything about how her shoulder felt or was affecting her. The ALJ's decision does not mention any limitation on Richion's ability to lift objects. However, the ALJ notes that Richion's records contain

---

[1] Richion briefly mentions the ALJ's findings regarding Richion's diabetes mellitus and subcutaneous cyst. (ECF No. 14 at 9). The Court concludes that these findings are supported by substantial evidence, as the ALJ's report cites extensive medical records on these issues. (ECF No. 13-1 at 32).

3

evidence of "shoulder pain," but "the records do not suggest" the condition would "do more than minimally limit the claimant's ability to perform basic work activities." (*Id.* at 32).

"[I]n interpreting the evidence and developing the record, the ALJ does not need to "discuss every piece of evidence." *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (*quoting Black v. Apfel,* 143 F.3d 383, 386 (8th Cir. 1998). "Rather, [the ALJ] must explain why "significant probative evidence has been rejected." *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris,* 642 F.2d 700, 706 (3d Cir.1981).

Dr. Cabaluna's specific finding regarding Richion's ability to lift objects was not significant or probative. Richion never asserted to the ALJ that she suffered a disability due to an inability to lift heavy objects. Richion's claim for benefits relied on "mental illness, short term memory loss, headaches, issues related to diabetes and foot pain." (ECF No. 14 at 3). At the hearing before the ALJ, while Richion mentioned she fell and it somehow impacted her shoulder, Richion never testified that her ability to lift objects was limited. Richion's motion to remand is the first instance where Richion has argued that her limitation in lifting renders her disabled. (*Id.* at 7). In addition, even if this limitation were probative, the ALJ did evaluate Richion's record of shoulder pain, the condition most likely associated with her inability to lift objects, and concluded Richion's medical records showed it would do no more than minimally affect Richion's ability to work.

Because Richion's ability to lift was not probative, the ALJ was not required to discuss this specific finding by Dr. Cabaluna. Therefore, Richion's motion to remand should be denied on this issue.

**II.**     **Dr. Devera's Opinion**

Dr. Devera examined Richion on January 25, 2013 regarding Richion's mental status. (ECF No. 13-1 at 391-399). Dr. Devera opined that Richion's "ability to interact properly with supervisors, co-workers and the public may be limited at this time as she presented with a depressed and tearful affect."

4

(*Id.* at 396). Dr. Yao examined Richion on July 16, 2013 and opined that "Richion can interact appropriately with supervisors, coworkers, and the general public." (*Id.* at 399, 405). The ALJ found Dr. Devera's opinion "is consistent with the evidence and is therefore, entitled to appropriate weight to the extent it is consistent with the residual functional capacity in this decision." (*Id.* at 38). The ALJ also found Dr. Yao's opinion "is somewhat consistent with the evidence…as the [ALJ] has found [Richion] to be more limited with respect to social functioning." (*Id.*). The ALJ concluded that Richion was limited to "only occasional interactions with the public and co-workers," but did not place any limitations on interaction with supervisors. (*Id.* at 34).

The ALJ did not reject Dr. Devera's opinion regarding Richion's ability to interact with others. Dr. Devera only went as far as to opine that Richion's ability to interact "may be limited at this time." Dr. Devera did not state that Richion was actually unable to interact with supervisors. Even if the Court were to conclude that the ALJ rejected Dr. Devera's opinion, this would be a proper use of the ALJ's duty to resolve conflicting medial evidence. *See Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002). Dr. Yao, who examined Richion more recently than Dr. Devera, stated that Richion could interact appropriately with the general public, coworkers, or supervisors. The ALJ's resolution of this conflict, by reviewing all relevant medical records, is supported by substantial evidence.

The ALJ was not required to provide any further explanation of Dr. Devera's opinion as outlined in Richion's motion to remand. Therefore, Richion's motion should be denied on this issue.

///

///

///

///

ACCORDINGLY,

IT IS RECOMMENDED that Plaintiff Venona Richion's Motion for Reversal and/or Remand (ECF No. 14) be DENIED.

IT IS SO RECOMMENDED.

DATED this 1st day of November, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE